IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| WESTFIELD NATIONAL INSURANCE COMPANY<br>P.O. Box 5005<br>Westfield Center, Ohio 44251<br><br>and<br><br>WESTFIELD INSURANCE COMPANY<br>P.O. Box 5005<br>Westfield Center, Ohio 44251<br><br>*Plaintiffs,*<br><br>v.<br><br>J M SMITH CORPORATION<br>101 West Saint John Street, Suite 305<br>Spartanburg, SC 29306<br><br>and<br><br>SMITH DRUG COMPANY, INC.<br>101 West Saint John Street, Suite 305<br>Spartanburg, SC 29306<br><br>and<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY<br>175 Berkeley Street<br>Boston, MA 02116<br><br>*Defendants.* | CIVIL ACTION. ________________<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br>**(Jury Trial Demanded)** |

Plaintiffs Westfield National Insurance Company ("Westfield National") and Westfield Insurance Company ("Westfield") (collectively "Westfield") state as follows for their Complaint for declaratory judgment against Defendants J M Smith Corporation and Smith Drug Company (collectively "Smith"):

**Introduction**

1. Westfield National and Westfield are Ohio corporations with their principal place of business in Ohio. As described more fully below, Westfield issued policies of commercial general liability ("CGL") insurance to Smith from 2013 to 2018.

2. J M Smith is a South Carolina corporation with its principal place of business in Spartanburg, South Carolina.

3. Smith Drug Company, Inc. is a South Carolina corporation with its principal place of business in Spartanburg, South Carolina.

4. Liberty Mutual Fire Insurance Company ("Liberty") is a Massachusetts corporation headquartered in Boston, Massachusetts that issued policies of CGL insurance to Smith from 2000 to 2013.

5. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. This Court has subject matter jurisdiction under 28 U.S.C. §1332 based on diversity of citizenship.

7. This is a declaratory judgment action under 28 U.S.C. § 2201 and S.C. Code §15-53-10 et seq, concerning Westfield's duty to defend multiple lawsuits filed by numerous governmental entities alleging that Smith engaged in improper marketing, distribution, and sale of opioid medications and caused or contributed to the current opioid crisis across the country resulting in economic and other non-physical harm to the plaintiff governmental entities ("Underlying Litigation").

8. If it is determined that Westfield is not obligated to defend Smith against the allegations in the Underlying Litigation, then neither will Westfield have a duty to indemnify Smith with respect any damages awarded in the Underlying Litigation.

9. Courts across the nation, including the Supreme Court of Delaware, the Supreme Court of Ohio and the United States Court of Appeals for the Sixth Circuit, have recently issued decisions supporting the view that Westfield is not obligated to defend or indemnify Smith with respect to the Underlying Litigation. *See e.g. ACE Am. Ins. Co. v. Rite Aid Corp*., 270 A.3d 239 (De. 2022); *Acuity v. Masters Pharmaceutical, Inc*., 169 Ohio St.3d 387, 2022-Ohio-3092; *Cincinnati Ins. Co. v. Discount Drug Mart, Inc.*, 168 Ohio St.3d 437, 2022-Ohio-3714; *Westfield Nat'l. Ins. Co. v. Quest Pharmaceuticals, Inc.*, 57 F.4th 558 (6th Cir. (Ky.) 2023). Other courts, including the United States Court of Appeals for the Fifth Circuit and the United States Court of Appeals for the Ninth Circuit, have found these cases persuasive in analogous contexts. *See Discover Property & Cas. Ins. Co. v. Blue Bell Creameries USA, Inc*., 73 F.4th 322 (5th Cir. (Tex.) 2023)(collecting cases).

10. Liberty is named as a necessary party in this action because Liberty and Westfield are jointly providing Smith with a defense, under reservation of rights, to the Underlying Litigation, and Liberty's interests in insurance coverage for Smith will be impacted by this action. For example, if Westfield is no longer obligated to defend Smith, then Liberty may become solely responsible for such defense. Westfield's claims are not against Liberty and it is believed that Westfield will not be adverse to Liberty with respect to the claims made in this action.

**COUNT I—DECLARATORY JUDGMENT**
**(No Duty to Defend and/or Indemnify)**

11. Westfield restates Paragraphs 1 through 10 of the Complaint.

12. Smith is named as a Defendant in the Underlying Litigation which is more particularly identified in Exhibit A.

13. The Complaints in the Underlying Litigation generally allege tortious conduct by Smith in the sale and distribution of opioid medications, and assert claims under federal law, state law, and common law principles. The Plaintiffs in the Underlying Litigation seek various monetary and equitable relief, but do not assert any claim for, or because of, bodily injury to anyone.

14. By way of example, the Complaint in the City of Prestonburg, KY lawsuit asserts the following claims against Smith:

**Count I –** Public Nuisance;

**Count II -** RICO;

**Count III -** Negligence;

**Count IV –** Negligence *per se*;

**Count V –** Deceptive Trade Practices;

**Count VI** - False Advertising;

**Count VII –** "Violation of Legal Duty";

**Count VIII –** Punitive Damages.

Furthermore, the Prestonburg Complaint seeks the following remedies and damages: a) injunctive relief with respect to public nuisance; b) an order that Smith abate the ongoing public nuisance; c) damages for the costs of abatement of the ongoing public nuisance; d) actual, treble and punitive damages, along with forfeiture, legal and equitable relief, costs and attorneys' fees; e) restitution of "ill-gotten gains"; and f) any other relief the court deems appropriate.

15. Westfield issued Policy No. CMM0679752 to Smith renewed annually between September 1, 2013 and September 1, 2018 ("Westfield Policy"). The various renewals of the

Westfield Policy are voluminous, already in Smith's possession and will be produced during discovery. Therefore, they are not attached to this Complaint.

16. Smith has tendered defense of the Underlying Litigation to Westfield and Liberty, and Westfield and Liberty, pursuant to a non-waiver agreement, are currently defending Smith in the Underlying Litigation under full reservation of rights. On information and belief, no other insurer is currently defending Smith with respect to the Underlying Litigation.

17. An actual and justiciable controversy exists between Westfield and Smith as to whether the Westfield Policy provides defense and indemnity to Smith for the Underlying Litigation. Such controversy requires a judicial declaration of the respective rights and responsibilities of Westfield and Smith under the Westfield Policy.

18. Liberty has an interest in the outcome of that controversy.

19. The Westfield Policy includes CGL coverage.

20. The CGL coverage in the Westfield Policy includes, in pertinent part, Bodily Injury and Property Damage Liability Coverage ("Coverage A").

21. The Coverage A insuring agreement states, in pertinent part:

> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1**. **Insuring Agreement**
>
> **a**. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" . . . to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" . . . to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. ...

* * *

**b**. This insurance applies to "bodily injury" . . . only if:

**(1)** The "bodily injury" . . . is caused by an "occurrence" . . .

**(2)** The "bodily injury" . . . occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph **1**. of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" . . . had occurred, in whole or in part. If such a listed insured or authorized "employee" knew prior to the policy period, that the "bodily injury" . . . occurred, then any continuation, change or resumption of such "bodily injury" . . . during or after the policy period will be deemed to have been known prior to the policy period.

**c**. "Bodily injury" . . . which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1**. of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" . . . after the end of the policy period.

**d**. "Bodily injury" . . . will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1**. of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

**(1)** Reports all, or any part, of the "bodily injury" . . . to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" . . . or

**(3)** Becomes aware by any other means that "bodily injury" . . . has occurred or has begun to occur.

> **e**. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

22. The Westfield Policy sets forth the following pertinent Definitions:

> **3**. "Bodily injury" means bodily injury, disability, sickness, or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".[[1]]
>
> * * *
>
> **13**. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

23. The Underlying Litigation does not allege or seek damages for, or because of, "bodily injury".

24. Coverage A only applies only if "bodily injury" is caused by an "occurrence." At least some, and perhaps all, of the claims in the Underlying Litigation do not allege an "occurrence."

25. Coverage A applies to "bodily injury" only if Smith did not know, before the policy period, that the "bodily injury" had occurred, in whole or in part.

26. Prior to the inception of the Westfield Policy, Smith was aware of claims by the governmental entity Plaintiffs in the Underlying Litigation such that, if such claims were for "bodily injury" as defined by the Westfield Policy, then coverage is precluded by Smith's prior knowledge of such claims.

27. The Westfield Policy includes a professional services exclusion for "Druggist" that provides, in pertinent part:

---

[1] The definition of "bodily injury" derives from Westfield Signature Series Commercial General Liability Endorsement No. CG7118 (11/12).

> This insurance does not apply to "bodily injury. . . due to the rendering of or failure to render any professional service.
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or failure to render any professional service.

28. Even if the Complaints in the Underlying Litigation were construed to allege covered damages because of “bodily injury,” the professional services exclusions would nonetheless preclude coverage.

29. The Westfield Policy may include other exclusions and limitations that bar or minimize coverage for the Underlying Litigation.

30. Based on the foregoing, Westfield has no duty to defend or indemnify Smith with respect to the allegations in the Underlying Litigation.

WHEREFORE, Westfield prays for judgment determining and declaring that it has no duty to defend or indemnify Smith with respect to the Underlying Litigation as well as providing such other or further relief as may be just and proper and hereby requests a jury trial.

This 11th day of August, 2023.

Respectfully submitted,
/s/ Daniel McCoy
DANIEL McCOY
Federal Bar No.: 11213
McAngus Goudelock & Courie
PO Box 1349
Myrtle Beach, South Carolina 29578
(843) 848-6000
dan.mccoy@mgclaw.com